IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY WELSH, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:16-cv-3518 |
| vs. ) | |
| ) | |
| FRANCISCAN ST. FRANCIS HEALTH ) | |
| AUXILARY, INC. d/b/a FRANCISCAN ) | |
| ST. FRANCIS HEALTH and ST. FRANCIS ) | |
| HOSPITAL ) | |
| ) | |
| Defendant ) | |

**COMPLAINT FOR DAMAGES**
**AND REQUEST FOR JURY TRIAL**

Plaintiff, Ashley Welsh, by counsel and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Ashley Welsh, is a resident of Marion County in the State of Indiana and a former employee of Franciscan St. Francis Health, (hereinafter "St. Francis").

2. Defendant is an employer as defined by 29 U.S.C. § 2612 and 42 U.S.C. §12101 and conducts business in the State of Indiana.

3. Ms. Welsh invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began her employment with Defendant as a surgery scheduling administrator on or about 2008.

6. In November 2015, Plaintiff utilized family medical leave to undergo a surgical procedure.

7. The surgeon who performed the procedure mistakenly glued Plaintiff's bowel shut, resulting in a second emergency procedure.

8. Following her second surgery, Plaintiff returned to work where she experienced harassment from a coworker. Plaintiff reported the harassment to her supervisor and was sent home.

9. Plaintiff then notified Defendant that she had a disability, specifically that she suffered from post-traumatic stress disorder as a result of having her bowel glued shut.

10. As a result, Plaintiff was told by the Defendant that she could not return to work.

11. Subsequently, agents of the Defendant made a false report to the police wherein it was alleged that Plaintiff intended to harm herself, delayed the processing of Plaintiff's paychecks, and solicited Plaintiff's coworkers for statements to use against Plaintiff.

12. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 14, 2016 (Charge No. 470-2016-01354) alleging discrimination based on violations of the Americans with Disabilities Act ("ADA").

13. The EEOC issued Plaintiff a Right to Sue letter on October 19, 2016.

COUNT I<br>ADA DISCRIMINATION

14. Plaintiff incorporates by reference paragraphs one (1) through thirteen (13) of her complaint for damages.

15. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, namely post-traumatic stress disorder.

16. The Defendant was aware of Plaintiff's disability and/or perceived disability and refused to allow Plaintiff to work rather than provide Plaintiff a reasonable accommodation.

17. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation.

18. The Defendant was motivated by Plaintiff's disability or perceived disability when it refused to allow her to work, effectively terminating her employment.

19. Nondisabled employees outside Plaintiff's protected class were treated more favorably that Plaintiff.

20. As a result, Defendant violating Plaintiff's rights under the ADA, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, compensatory damages, reasonable attorney fees, costs and all other appropriate relief.

## COUNT II
## FMLA DISCRIMINATION

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) of her complaint for damages.

22. During her employment with Defendant, Plaintiff utilized approved Family Medical Leave under the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.*

23. Plaintiff suffered an adverse employment action when Defendant terminated his employment while taking family medical leave.

24. Plaintiff:

   A. Was treated less favorably than employees who had not requested or in need of leave under the FMLA; or

    B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

    C. Suffered an adverse employment action for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

25. Defendant's termination of the Plaintiff while on family medical leave was done with malice and wanton disregard for Plaintiff's rights under the Family Medical Leave Act.

26. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, reasonable attorney fees, costs and all other appropriate relief.

## COUNT III
## RETALIATION

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) of Plaintiff's Complaint for Damages.

28. Plaintiff complained to Defendant that she was being harassed by a coworker because of she utilized family medical leave.

29. Defendant sent Plaintiff home in retaliation for her complaints of discrimination and then engaged in continued harassment while Plaintiff was off work.

30. As a result of Defendant violating Plaintiff's rights as protected under the Family Medical Leave Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant for an award of lost wages and benefits, damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER INDIANA COMMON LAW

31. Plaintiff incorporates by reference paragraphs one (1) through thirty (30) of Plaintiff's Complaint for Damages.

32. Defendant engaged in unethical behavior when it called the police and falsely reported that Plaintiff was suicidal and a danger to herself.

33. Defendant engaged in unethical behavior when it approached Plaintiff's coworker and attempted to coerce a statement alleging that Plaintiff is *crazy*.

34. Defendant's conduct was extreme and ASHLEoutrageous behavior that intentionally and recklessly caused Plaintiff severe emotional distress.

35. The emotional distress caused by Defendant has resulted in harm to Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for damages as a result of Defendant's intentional infliction of emotional distress, and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Suite A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax