IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY WELSH, )<br>)<br>Plaintiff )<br>vs. )<br>)<br>FRANCISCAN ALLIANCE, INC. d/b/a )<br>FRANCISCAN HEALTH INDIANAPOLIS, )<br>)<br>Defendant. ) | Cause No.: 1:16-cv-3518-WTL-TAB |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Franciscan Alliance, Inc. ("Franciscan"), states as its Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Amended Complaint") as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Ashley Welsh, is a resident of Marion County in the State of Indiana and a former employee of Franciscan Alliance, Inc. d/b/a Franciscan Health Indianapolis […].

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence. Defendant admits that Plaintiff was a former employee of Franciscan. Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant is an employer as defined by 29 U.S.C. § 2612 and 42 U.S.C. §12101 and conducts business in the State of Indiana.

**ANSWER**: Defendant admits that it is an employer under the FMLA and the ADA. Defendant admits that it conducts business in the State of Indiana. Defendant denies all remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. Ms. Welsh invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the allegations regarding Plaintiff's invocation. Defendant admits that this Court has subject matter (federal question) jurisdiction over Plaintiff's claims. Defendant denies all remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**ANSWER**: Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began her employment with Defendant as a surgery scheduling administrator on or about 2008.

**ANSWER**: Defendant admits that Plaintiff began her employment with Defendant in or about 2008. Defendant denies all remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. In November 2015, Plaintiff utilized family medical leave to undergo a surgical procedure.

**ANSWER**: Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. The surgeon who performed the procedure mistakenly glued Plaintiff's bowel shut, resulting in a second emergency procedure.

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Following her second surgery, Plaintiff returned to work where she experienced harassment from a coworker. Plaintiff reported the harassment to her supervisor and was sent home.

**ANSWER**: Defendant admits that Plaintiff returned to work following surgery. Defendant lacks information sufficient to form a belief about the truth of the "harassment" allegations. Defendant denies all remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

9. Plaintiff then notified Defendant that she had a disability, specifically that she suffered from post-traumatic stress disorder as a result of having her bowel glued shut.

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. As a result, Plaintiff was told by the Defendant that she could not return to work.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Subsequently, agents of the Defendant made a false report to the police wherein it was alleged that Plaintiff intended to harm herself, delayed the processing of Plaintiff's paychecks, and solicited Plaintiff's coworkers for statements to use against Plaintiff.

**ANSWER**: Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 14, 2016 (Charge No. 470-2016-01354) alleging discrimination based on violations of the Americans with Disabilities Act ("ADA").

**ANSWER**: Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. The EEOC issued Plaintiff a Right to Sue letter on October 19, 2016.

**ANSWER**: Defendant admits that the EEOC issued Plaintiff a Right to Sue letter. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

COUNT I
ADA DISCRIMINATION

14. Plaintiff incorporates by reference paragraphs one (1) through thirteen (13) of her complaint for damages.

**ANSWER**: Defendant incorporates all responses in answer to Paragraphs 1 through 13 of Plaintiff's Amended Complaint.

15. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, namely post-traumatic stress disorder.

**ANSWER**: Defendant lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. The Defendant was aware of Plaintiff's disability and/or perceived disability and refused to allow Plaintiff to work rather than provide Plaintiff a reasonable accommodation.

**ANSWER**: Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation.

**ANSWER**: Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. The Defendant was motivated by Plaintiff's disability or perceived disability when it refused to allow her to work, effectively terminating her employment.

**ANSWER**: Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Nondisabled employees outside Plaintiff's protected class were treated more favorably that Plaintiff.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. As a result, Defendant violating Plaintiff's rights under the ADA, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, compensatory damages, reasonable attorney fees, costs and all other appropriate relief.

**ANSWER:** Based on the allegations contained in the Amended Complaint, Plaintiff is not entitled to any relief and the claims should be dismissed with prejudice, costs awarded to Defendant.

## COUNT II
## FMLA DISCRIMINATION

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) of her complaint for damages.

**ANSWER:** Defendant incorporates all responses in answer to Paragraphs 1 through 20 of Plaintiff's Amended Complaint.

22. During her employment with Defendant, Plaintiff utilized approved Family Medical Leave under the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.*

**ANSWER:** Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Plaintiff suffered an adverse employment action when Defendant terminated his employment while taking family medical leave.

**ANSWER:** Defendant lacks information sufficient to form a belief about the truth of the allegations regarding "his employment." Defendant denies all remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Plaintiff:

   A. Was treated less favorably than employees who had not requested or in need of leave under the FMLA; or

   B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

   C. Suffered an adverse employment action for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

   **ANSWER:** Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant's termination of the Plaintiff while on family medical leave was done with malice and wanton disregard for Plaintiff's rights under the Family Medical Leave Act.

   **ANSWER:** Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, attorney fees and costs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, reasonable attorney fees, costs and all other appropriate relief.

**ANSWER:** Based on the allegations contained in the Amended Complaint, Plaintiff is not entitled to any relief and the claims should be dismissed with prejudice, costs awarded to Defendant.

## COUNT III
## RETALIATION

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) of Plaintiff's Complaint for Damages.

**ANSWER:** Defendant incorporates all responses in answer to Paragraphs 1 through 26 of Plaintiff's Amended Complaint.

28. Plaintiff complained to Defendant that she was being harassed by a coworker because of she utilized family medical leave.

**ANSWER:** Defendant lacks information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged complaint. Defendant denies all remaining allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant sent Plaintiff home in retaliation for her complaints of discrimination and then engaged in continued harassment while Plaintiff was off work.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. As a result of Defendant violating Plaintiff's rights as protected under the Family Medical Leave Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant for an award of lost wages and benefits, damages, attorney fees and costs incurred herein, and for all other appropriate relief.

**ANSWER:** Based on the allegations contained in the Amended Complaint, Plaintiff is not entitled to any relief and the claims should be dismissed with prejudice, costs awarded to Defendant.

## COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER INDIANA COMMON LAW

31. Plaintiff incorporates by reference paragraphs one (1) through thirty (30) of Plaintiff's Complaint for Damages.

**ANSWER:** Defendant incorporates all responses in answer to Paragraphs 1 through 30 of Plaintiff's Amended Complaint.

32. Defendant engaged in unethical behavior when it called the police and falsely reported that Plaintiff was suicidal and a danger to herself.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant engaged in unethical behavior when it approached Plaintiff's coworker and attempted to coerce a statement alleging that Plaintiff is *crazy*.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant's conduct was extreme and ASHLEoutrageous behavior that intentionally and recklessly caused Plaintiff severe emotional distress.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. The emotional distress caused by Defendant has resulted in harm to Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for damages as a result of Defendant's intentional infliction of emotional distress, and for all other relief just and proper in the premises.

**ANSWER:** Based on the allegations contained in the Amended Complaint, Plaintiff is not entitled to any relief and the claims should be dismissed with prejudice, costs awarded to Defendant.

**AFFIRMATIVE DEFENSES**

Defendant does not waive any defenses not pled in this Answer and expressly reserves the right to later raise additional defenses whether or not related to information arising from discovery or otherwise.

Moreover, Defendant, by stating its defenses, does not hereby assume any burden of proof that would otherwise rest with Plaintiff.

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Defendant's employment decisions regarding or affecting Plaintiff were based upon lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

3. Defendant would have made the same employment decisions regarding or affecting Plaintiff regardless of Plaintiff's allegedly protected activity.

4. To the extent that Plaintiff seeks to assert claims not otherwise brought before the EEOC, Plaintiff has failed to timely exhaust her administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff has unreasonably failed to mitigate or minimize her alleged damages, if any.

7. Plaintiff's request for equitable relief is barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiff's claims are barred by equitable estoppel, waiver, and laches.

9. Plaintiff did not suffer any injury and/or any injury alleged is too speculative.

10. Plaintiff is not entitled to recover any attorney's fees, costs or interest on the claims asserted or has failed to allege facts sufficient to allow recovery of such fees, costs or interest.

11. All of Defendant's actions and inactions with respect to Plaintiff were for just and good cause, taken in good faith, without malice or reckless indifference, and with reasonable grounds to believe that it was not in violation of any state or federal law.

12. Plaintiff's damages, if any, should be reduced by setoff.

13. It would have been an undue hardship to accommodate Plaintiff's requested accommodation.

14. Plaintiff failed to exhaust Defendant's internal process for remedying the issues she now asserts.

15. Plaintiff unreasonably failed to utilize existing policies and procedures in place at Defendant in order to avoid the harm which Plaintiff has alleged.

16. Plaintiff's claims are barred to the extent they exceed the scope of Plaintiff's EEOC charge.

17. Defendant reserves the right to assert additional affirmative defenses as it deems appropriate based on additional information learned during discovery.

Respectfully submitted,

s/*Dana E. Stutzman*
Dana E. Stutzman #23468-49
Nick S. Johnston #32376-49
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
(317) 977-1425
(317) 633-4878 (FAX)
E-mail: dstutzman@hallrender.com
njohnston@hallrender.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017 a copy of the foregoing *Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

> Paul J. Cummings, 22713-41
> paul.cummings@hhcfirm.com
> HENN HAWORTH CUMMINGS & PAGE
> 625 N. Madison Avenue, Suite A
> Greenwood, IN 46142
> 317-885-0041
> Fax: 888-308-6503

     *s/Dana E. Stutzman*

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
(317) 633-4884
(317) 633-4878 (FAX)

4823-1143-7380, v. 1